■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK FRANCESCHI, Appellant. [627 NYS2d 35] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered October 20, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), defendant's guilt was established beyond a reasonable doubt. The arresting officer's testimony that, from a distance of approximately 85 feet, he observed defendant, on two occasions, remove something from a secreted sandwich-size plastic bag and, from a distance of 46 to 52 feet, saw him return to a waiting buyer and exchange that object for currency, one of the buyers holding the vial up to inspect it, is not manifestly untrue or physically impossible as a matter of law *(People v Garafolo,* 44 AD2d 86, 88).

While the jury should have been permitted to handle the sandwich-size plastic bag and counsel should have been permitted to place the empty vials inside the bag, any error was harmless, and defendant was not denied his right to cross-examine witnesses against him or to impeach their credibility on material matters, where the jury was able to touch and see these objects through the clear plastic sealed evidence bag and defendant would not have been able to duplicate the angle,

street conditions, distance, or sunlight of the officer's observation in the courtroom.

Because defendant failed to either raise an objection to the prosecutor's comments on summation to which he now complains or he failed to ask for additional instructions or move for a mistrial where he did object, his claims are not preserved for appellate review (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Medina,* 53 NY2d 951, 953) and we decline to review them in the interest of justice. Were we to review, we would find that they were in fair response to defense counsel's summation and a fair argument from the record *(People v Galloway,* 54 NY2d 396).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.