■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR L. ARROYO, Appellant. [728 NYS2d 231] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 19, 2000, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant was arraigned on a charge of assault in the second degree arising out of the alleged beating of his girlfriend (hereinafter the victim). Pursuant to a plea bargain agreement, defendant agreed to plead guilty to attempted assault in the second degree in exchange for a sentence of either six months in jail with five years' probation or one year in jail with no term of probation. In a victim impact statement read to County Court, the victim described the three-hour ordeal that she endured at defendant's hands. According to the victim, defendant beat and stabbed her during this time period, resulting in numerous physical injuries and enduring emotional harm. She detailed alleged financial losses as a result of defendant's conduct and further discussed his sexual abuse of her teenaged daughter. The victim's mother was also permitted to make a statement, describing the impact that defendant's behavior has had on her family.

Based upon its review of the presentence report and the statements made by the victim, County Court informed defendant that it could not go along with the plea agreement. The court advised defendant that if he still chose to plead guilty to attempted assault in the second degree, it would impose a

sentence in the vicinity of 1⅓ to 4 years. The court granted an adjournment to give defendant time to consider the matter. Defendant ultimately elected to plead guilty, and County Court imposed a sentence of 1 to 3 years in prison.

Defendant appeals on the ground that his sentence was harsh and excessive, contending primarily that it was error for County Court to permit the victim and her mother to make inflammatory statements about him which, in turn, resulted in the more severe sentence. Pursuant to CPL 380.50 (2) (b), in cases where a defendant is to be sentenced for a felony, the court shall permit the victim to make a statement relevant to the question of sentencing and there is no preclusion against statements offered by additional individuals (*see, People v Rivers*, 262 AD2d 108, 108-109, *lv denied* 94 NY2d 828). In any event, County Court stated on the record that its decision to impose a sentence more severe than that originally agreed to was not based solely upon the victim's impact statement but upon information contained in the presentence report, most notably defendant's criminal history. Having received this information, the court was under no obligation to adhere to the previous plea agreement, defendant having been afforded the requisite opportunity to withdraw his guilty plea (*see, People v Wood*, 207 AD2d 1001). We have reviewed defendant's remaining arguments in support of a modification of his sentence and are unpersuaded. In sum, we are satisfied that the sentence imposed was neither harsh nor excessive and we decline to modify it in the interest of justice.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.