■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD IOVINELLA, Appellant. [744 NYS2d 529] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered June 21, 1999, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant was charged in a 16-count indictment with numerous crimes arising from the beating of his girlfriend on August 24, 1998. He pleaded guilty to assault in the first degree in full satisfaction of the indictment and was sentenced to 6 to 12 years in prison.

On appeal, defendant contends that County Court erroneously permitted the victim to read the written statements of her mother and father at sentencing and allowed such statements to be made part of the record. We disagree. While CPL 380.50 (2) (b) provides that the victim shall be permitted to make a statement pertinent to sentencing in instances where the defendant is to be sentenced for a crime which is a felony, the statute does not preclude the court from allowing statements by other individuals, particularly family members (*see, People v Arroyo*, 284 AD2d 735, 736, *lv denied* 96 NY2d 916; *People v Rivers*, 262 AD2d 108, 108-109, *lv denied* 94 NY2d 828). We find no compelling reason to reconsider our decision in *People v Arroyo* (*supra*). Therefore, we decline to disturb the judgment of conviction.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.