OPINION OF THE COURT
 

 Graffeo, J.
 

 In this case, we must determine whether sentencing courts have discretion to allow more than one person to make a victim impact statement at sentencing, beyond the single statement from the victim or victim’s surrogate mandated in CPL 380.50 (2). We hold that they do and, under the circumstances of this case, conclude that the sentencing court did not abuse its discretion in allowing five people to make statements at defendant’s sentencing.
 

 It is undisputed that, on a night in November 1999, defendant shot and killed Darnell Brown. As a result of the incident, he was charged with murder in the second degree, manslaugh
 
 *4
 
 ter in the first degree, attempted assault in the third degree and criminal possession of a weapon in the second, third and fourth degrees. Defendant testified at his jury trial, pursuing a justification defense. He acknowledged that earlier on the evening of the shooting he had a dispute with Brown over some property he believed Brown had stolen from him. Defendant testified that he went in search of Brown while armed with a loaded handgun and eventually encountered him in the vestibule of Brown’s apartment building. According to defendant, Brown pointed a gun at him and attempted to shoot first but the gun did not discharge. Defendant contended that he and Brown ultimately fought over defendant’s weapon and, in the course of that struggle, defendant fatally shot Brown in self-defense. The jury returned a verdict acquitting defendant of the homicide counts and convicting him of criminal possession of a weapon in the second degree.
 

 At the sentencing proceeding, the prosecutor sought permission to call several of Brown’s family members and a friend to offer victim impact statements. Defense counsel objected on the ground that hearing “any number of impact statements” would “becloud the judicial atmosphere” and confuse the sentencing process. The sentencing court rejected defendant’s argument and concluded that it had discretion to hear the statements. Brown’s mother, the mother of Brown’s child, his uncle, his cousin and a close friend each spoke at the sentencing proceeding and asked that the court give defendant the maximum sentence allowed by law.
 

 The sentence available for criminal possession of a weapon in the second degree under these circumstances ranged from affording defendant, who was 18 years old at the time of the crime, youthful offender status without incarceration to a term of 15 years in prison. In the presentence investigation report, the probation department recommended that defendant be adjudicated a youthful offender, the disposition requested by defense counsel. The People urged that defendant should receive the maximum 15-year prison sentence. Noting that it had consulted a three-judge sentencing panel for a recommendation concerning the appropriate sentence, the court concluded that a youthful offender finding would not be appropriate and imposed a determinate sentence of eight years. Defendant appealed to the Appellate Division, which affirmed his conviction and declined to disturb the sentence. A Judge of this Court granted defendant leave to appeal.
 

 
 *5
 
 Relying on CPL 380.50 (2), defendant asserts on appeal that the sentencing court lacked authority to hear the victim impact statements from Brown’s family and friend whom he characterizes as “non-statutory” victims.
 
 *
 
 CPL 380.50 (2) (b) provides that where defendant is convicted of a felony, the sentencing court “shall accord the victim the right to make a statement with regard to any matter relevant to the question of sentence.” As defined in the statute, the term victim encompasses the victim of the crime or a surrogate if the victim is deceased, or is unable or unwilling to appear at sentencing (CPL 380.50 [2] [a]).
 

 Defendant’s primary argument is that the statute authorizes a sentencing court to hear a single victim impact statement and that the court exceeded its authority when it allowed more than one victim surrogate to speak at the sentencing proceeding. Upon review of the language and legislative history of CPL 380.50 (2), we disagree.
 

 Enacted in 1992, CPL 380.50 (2) was part of a longstanding effort by victim advocacy groups and others to afford victims a greater voice in the criminal justice process, particularly with respect to sentencing. This reform effort involved strengthening restitution provisions
 
 (see
 
 Penal Law § 60.27;
 
 see generally People v Horne,
 
 97 NY2d 404 [2002]), led to the inclusion of victim impact statements in presentence investigation reports
 
 (see
 
 CPL 390.30 [3] [b]), and culminated with the enactment of CPL 380.50 (2) granting victims a right to personally address the court at sentencing proceedings (L 1992, ch 307, § 1;
 
 see also
 
 L 1993, ch 499).
 

 
 *6
 
 Traditionally, New York courts have exercised broad discretion to determine the appropriate sentence for a particular offense within the range prescribed by law. Before the enactment of CPL 380.50 (2), no statute or decision of this Court precluded a sentencing court from hearing remarks by victims to assist the court in exercising its broad discretion over sentencing— and many courts routinely did. Indeed, at the time the legislation was passed, it was viewed by some as unnecessary, with the Office of Court Administration commenting that “[n]othing in current law prevents a court from permitting a crime victim to make a statement at sentencing in appropriate cases” (Mem of Off of Ct Admin, Bill Jacket, L 1992, ch 307, at 16;
 
 see also
 
 Mem of New York State Law Enforcement Council, Bill Jacket, L 1992, ch 307, at 36).
 

 CPL 380.50 (2) was significant because it unequivocally granted victims a right to speak at sentencing; “[w]hile some sentencing courts had permitted oral victim impact statement [sic] prior to passage of that legislation, it was not a universally accepted practice” (Mem of Assemblywoman Mayersohn, Bill Jacket, L 1993, ch 499, at 5). Thus, the statute elevated what had previously been a privilege left entirely to the discretion of the sentencing court to “a right that a victim could exercise at his or her discretion”
 
 (id.).
 
 CPL 380.50 (2) requires the court to allow any victim (or a surrogate) to speak at sentencing. Nothing in the statute’s language or legislative history suggests, however, that the provision was intended to otherwise restrict a sentencing court’s discretionary authority to allow others close to the victim to address the court at sentencing and we therefore decline to read such a limitation into the statute.
 

 As with any exercise of discretion, a court should carefully consider the extent to which additional victim impact statements will assist the court in reaching an appropriate sentencing determination. Multiple statements should not be allowed if the court concludes they will be unduly prejudicial to the defendant or will negatively impact the fair administration of justice. Needless to say, a court remains free, in the exercise of its discretion, to decline a prosecutor’s request to offer more than one victim impact statement or to restrict the number or length of such statements where they would be unhelpful, repetitive, inflammatory or otherwise inappropriate.
 

 In this case, the court did not abuse its discretion in allowing the victim impact statements at the sentencing proceeding. The court noted that it had no reason to believe that the
 
 *7
 
 statements offered by the victim’s family members and his friend would be inflammatory or inappropriate. The relatively brief statements consisted largely of descriptions of the incident—facts well known to the sentencing court—and requests for a maximum sentence that were cumulative of one another. Defendant argues that his youth and lack of a serious criminal record militated in favor of a shorter sentence and the court’s imposition of a significant prison term could only have resulted from the improper influence of the victim impact statements. We are unpersuaded that defendant was unduly prejudiced by the remarks and find it significant that the court did not impose the maximum sentence but chose a term of imprisonment well within the permissible range despite the grave circumstances surrounding defendant’s possession of a loaded weapon with the intent to use it unlawfully.
 

 Defendant’s argument that his conviction was not supported by sufficient evidence is not preserved for review
 
 (see People v Gray,
 
 86 NY2d 10, 19 [1995]). As for defendant’s contention that he was denied the effective assistance of counsel, we cannot say on this record that defendant’s trial counsel, who secured an acquittal on each of the homicide counts, failed to provide meaningful representation.
 

 Accordingly, the order of the Appellate Division should he affirmed.
 

 Chief Judge Kaye and Judges G.B. Smith, Cipajrick, Rosenblatt, Read and R.S. Smith concur.
 

 Order affirmed.
 

 *
 

 At the sentencing proceeding, defense counsel also questioned whether a victim impact statement was appropriate because defendant was convicted only of the weapon possession offense. On appeal, defendant argues that his crime had no victim. We disagree. Defendant was convicted of criminal possession of a weapon in the second degree, which required proof that he possessed a loaded firearm “with intent to use the same unlawfully against another” (Penal Law § 265.03 [2]). Despite defendant’s assertions to the contrary, by convicting defendant of this offense, the jury found that on the night of the shooting defendant carried the gun intending to use it unlawfully. Although defendant suggests that the acquittals negate any unlawful intent, it would be “imprudent to speculate concerning the factual determinations that underlay the verdict[s]” of not guilty on the homicide counts; the jury may have credited defendant’s justification defense, could have concluded the People simply failed to establish defendant’s guilt beyond a reasonable doubt, or might have been exercising leniency
 
 (People v Horne,
 
 97 NY2d 404, 413 [2002]). Under the circumstances, it was well within the sentencing court’s discretion to permit people close to Brown to address the court prior to sentencing.