■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID P. HARRINGTON, Appellant. [788 NYS2d 622]—

Spain, J.P. Appeal from a judgment of the County Court of Warren County (Krogmann, J.), rendered February 11, 2004, which resentenced defendant following his conviction of the crimes of sodomy in the second degree and criminal sale of marihuana in the second degree (two counts).

Upon his guilty plea, defendant was convicted of sodomy in the second degree and other crimes stemming from his protracted sexual abuse of a child. On his previous appeal, this Court vacated his 6⅓ to 19-year aggregate sentence and remitted the matter for resentencing, agreeing with the claim raised in defendant's pro se brief that the record did not reflect that defendant had been apprised that restitution (in the amount of $560.55) would be a part of his sentence (3 AD3d 737, 738-739 [2004]). Upon remittal defendant was resentenced by a different judge to the same aggregate term, without restitution. Defendant now appeals, and we affirm.

Initially, in view of defendant's continuous incarceration between the initial sentencing and resentencing and defendant's unabridged opportunity to address County Court at resentencing, we discern no abuse of discretion in the court's denial of defendant's request to order an updated presentence report (*see People v Kuey*, 83 NY2d 278, 282-283 [1994]; *People v Hogencamp*, 6 AD3d 877, 878 [2004], *lv denied* 3 NY3d 707 [2004]). Next, contrary to defendant's claim, CPL 380.50 (2) did not preclude County Court from exercising its discretion, providently in this case, to permit the child's mother and Law Guardian, in addition to the child, to make victim impact statements at resentencing (*see People v Hemmings*, 2 NY3d 1, 3, 5-6 [2004]; *People v Iovinella*, 295 AD2d 753, 753 [2002], *lv denied* 99 NY2d 536 [2002]; *People v Arroyo*, 284 AD2d 735, 735-736 [2001], *lv denied* 96 NY2d 916 [2001]). The victim had difficulty making his statement and there was nothing inflammatory, inappropriate or repetitive about the statements (*see People v Hemmings, supra* at 6-7). Also, disclosure of defendant's presentence report to the Law Guardian was authorized by the sentencing court and no impropriety occurred in that regard (*see* CPL 390.50 [1]; *see also Holmes v State of New York*, 140 AD2d 854, 855 [1988]).

Finally, defendant was properly resentenced to a term of imprisonment which was both authorized and within the range permissible under the agreed-upon plea terms, without restitution. Defendant did not seek to withdraw his plea and no hearing on restitution was required as the resentencing court elected to impose a prison sentence without restitution, an option clearly contemplated by our remittal (3 AD3d 737, 739 n [2004], *supra*). Defendant's contention that he has already paid the full restitution ordered as part of the initial sentencing and is entitled to reimbursement from the victim was not raised, as it should and could have been, in his prior appeal from the initial sentence and is, thus, unpreserved for our review (*see* CPL 470.05 [2]), and we discern no basis whatsoever upon which to

exercise our interest of justice jurisdiction with respect to that relief (*see* CPL 470.15 [3] [c]). Assuming, without deciding, that such reimbursement from a victim is ever authorized, a proposition for which we find no authority, defendant did not pursue the procedural vehicle for remission of restitution which has already been paid (*see* CPL 420.30; *see also People v Turco*, 130 AD2d 785 [1987]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 420.30, at 392-393; 1983 Ops Atty Gen No. I 83-5).

Defendant's remaining claims also lack merit.

Mugglin, Lahtinen and Kane, JJ., concur. Ordered that judgment is affirmed.