The People of the State of New York, Respondent, v Rodney Rabsatt, Appellant. [892 NYS2d 904]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered May 16, 2005, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in permitting several of the deceased victim's family members, and one long-time friend, to speak at sentencing (*see People v Hemmings*, 2 NY3d 1 [2004]; *People v Harrington*, 14 AD3d 944 [2005]). CPL 380.50 (2), which gives victims of felony offenses a statutory right to make a statement at sentencing, does not "restrict a sentencing court's discretionary authority to allow others close to the victim to address the court" (*People v Hemmings*, 2 NY3d at 6). Moreover, the defendant received the sentence promised to him in the plea agreement and, thus, was not prejudiced by the victim impact statements.

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that the sentence was excessive (*see People v Petteway*, 69 AD3d 656 [2010]; *People v De Alvarez*, 59 AD3d 732, 733 [2009]; *People v Kazepis*, 101 AD2d 816, 817 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Santucci, Miller and Eng, JJ., concur.