■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GONZALEZ, Appellant. [897 NYS2d 55]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered December 9, 2008, as amended February 10, 2009, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 14 years and seven years, respectively, unanimously affirmed.

Defendant, who asserts that his only intended use of the weapon was to lawfully defend himself, argues that the verdict convicting him of second-degree weapon possession, requiring intent to use unlawfully against another, was contrary to the weight of the evidence. However, we find that the evidence, viewed in light of the court's charge, established that element (*see People v Danielson*, 9 NY3d 342 [2007]). Defendant's claim that the jury, by acquitting him of second-degree murder, accepted his justification defense speculates as to the jury's thought processes and does not warrant a different result (*see People v Hemmings*, 2 NY3d 1, 7 n [2004], *People v Rayam*, 94 NY2d 557 [2000]). "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (*People v Horne*, 97 NY2d 404, 413 [2002]). Among other things, the jury could have found a lack of proof of some element of second-degree murder, or it could have found mitigating circumstances falling short of legal justification but meriting leniency. In any event, even assuming that defendant acted with justification at the moment he fired his first shots at the deceased, the evidence supports the conclusion that he possessed the weapon with the requisite unlawful intent immediately before or after that point in time, or both (*see People v Guzman*, 266 AD2d 37 [1999], *lv denied* 94 NY2d 920 [2000]).

Although defendant casts his principal argument in terms of weight of the evidence, to the extent he is also claiming the evidence was legally insufficient to establish guilt beyond a reasonable doubt, we find that claim to be unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ.