■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SCHWARTZ, Appellant. [911 NYS2d 924]—

Rose, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered August 11, 2009, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to one count of assault in the second degree for causing injury to his four-year-old daughter. With the understanding that there would be a joint recommendation of six months in jail and five years of probation, defendant waived his right to appeal except as to a sentence harsher than the joint recommendation. When the attorney for the child gave a brief victim impact statement on behalf of the child at sentencing, defendant objected to the statement and County Court

adjourned sentencing for two weeks. On the adjourned date, defendant and his counsel were afforded an opportunity to respond to the statement. Defendant was then sentenced to two years in prison with three years of postrelease supervision.

Defendant's contention that County Court was required to allow him the opportunity to withdraw his plea because of its deviation from the recommended sentence is devoid of merit (*see People v Rawdon*, 296 AD2d 599, 599 [2002], *lv denied* 98 NY2d 771 [2002]; *People v Gero*, 286 AD2d 789 [2001], *lv denied* 97 NY2d 641 [2001]). The record of the plea allocution is clear that defendant was advised and understood that the court was not bound by the joint recommendation and could impose a maximum sentence of seven years. Further, in defendant's written waiver of rights, he acknowledged that the court made no promises with respect to sentence and could sentence him to the maximum term.

Defendant's claims of error with respect to the statement at sentencing by the attorney for the child are also without merit. The sentencing court has broad discretionary authority over sentencing and CPL 380.50 does not preclude an exercise of that discretion to allow statements from individuals other than the victim (*see People v Hemmings*, 2 NY3d 1, 6 [2004]; *People v Harrington*, 14 AD3d 944, 945 [2005], *lv denied* 4 NY3d 887 [2005]; *People v Arroyo*, 284 AD2d 735, 736 [2001], *lv denied* 96 NY2d 916 [2001]). Here, County Court's adjournment of sentencing protected defendant's statutory rights of notice and rebuttal (*see* CPL 380.50 [2] [b], [c]). On the adjourned sentencing date, defendant and his counsel took advantage of the opportunity to be heard in response to the statement and, in departing from the recommended sentence, County Court relied not only on the statement, but also on the presentence investigation report and all the facts and circumstances. Finally, we perceive no abuse of discretion or extraordinary circumstances warranting modification of the sentence (*see People v Friedrick*, 46 AD3d 943 [2007]; *People v Duffy*, 38 AD3d 1060, 1060-1061 [2007]).

Mercure, J.P., Peters, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.