650

In the Matter of MASAO YONAMINE, Petitioner, v MARTIN SCHOENFELD, Respondent. [919 NYS2d 458]—

Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE IRIZARRI, Appellant. [919 NYS2d 328]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. In performing weight of evidence review, we may consider the jury's verdict on other counts (*see People v Rayam*, 94 NY2d 557, 563 n [2000]). Nevertheless, we find that the jury's mixed verdict does not warrant a different result. "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (*People v Horne*, 97 NY2d 404, 413 [2002]; *see also People v Hemmings*, 2 NY3d 1, 5 n [2004]). Moreover, aside from considerations of leniency, the jury could have found that the victim's testimony was corroborated as to the child endangerment count but not as to the other charges. Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.