# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1453

KA 12-00210

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KEVIN M. MINEMIER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

EASTON THOMPSON KASPEREK SHIFFRIN, LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 20, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree (two counts) and assault in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant pleaded guilty to an indictment charging him with attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of assault in the first degree (§ 120.10 [1], [4]), and one count of assault in the second degree (§ 120.05 [4]), in return for a promise from County Court that his aggregate sentence of imprisonment would not exceed 20 years. Defendant committed the crimes when he was 18 years old and, because he was not convicted of an armed felony (*see* CPL 1.20 [41]), he was eligible for youthful offender treatment (*see* CPL 720.10 [2]). The court imposed concurrent sentences, the greatest of which is a 20-year determinate term of incarceration plus a period of postrelease supervision, but, as the People correctly concede, the court erred in failing to determine whether defendant should be adjudicated a youthful offender. Thus, on defendant's appeal from the judgment of conviction in appeal No. 1, we hold the case, reserve decision and remit the matter to County Court "to make and state for the record a determination whether defendant should be granted youthful offender status" (*People v Potter*, 114 AD3d 1183, 1184; *see People v Rudolph*, 21 NY3d 497, 503). Defendant raises no contention with respect to the amended sentence in appeal No. 2, which added restitution, and we therefore dismiss the appeal therefrom.

Defendant further contends in appeal No. 1 that his sentence

should be vacated because the court reviewed written submissions from the victims and refused defense counsel's request for disclosure of those statements.  Although it is clear from the record that the court reviewed written statements that were not disclosed to defendant, those statements are not included in the record on appeal, and we therefore cannot address the merits of defendant's contention.  We further direct the court, upon remittal, to make a record of what statements it reviewed and to state its reasons for refusing to disclose them to defendant.  Finally, we reject defendant's contention that the court abused its discretion in allowing the parents of one of the victims to speak at sentencing (*see generally People v Hemmings*, 2 NY3d 1, 6-7, *rearg denied* 2 NY3d 824; *People v Rabsatt*, 70 AD3d 863, 863, *lv denied* 14 NY3d 891; *People v Iovinella*, 295 AD2d 753, 753, *lv denied* 99 NY2d 536).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court