# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

141

KA 14-00066

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                                MEMORANDUM AND ORDER

JAMES H. SCHOLZ, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

ADAM H. VAN BUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered May 28, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a misdemeanor, and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In these four appeals, defendant appeals from judgments convicting him upon his plea of guilty of, inter alia, driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [3]), burglary in the third degree (Penal Law § 140.20) and criminal contempt in the second degree (§ 215.50 [3]). The charges arose from four separate indictments filed against defendant for crimes he committed over a period of approximately two years. Consistent with the terms of the plea agreement, County Court sentenced defendant to concurrent terms of imprisonment. For the driving while intoxicated conviction, the court sentenced defendant to time served along with 36 months of ignition interlock device (IID) probation, to commence upon defendant's release from prison.

We note at the outset that we dismiss the appeals from the judgments in appeal Nos. 1, 3 and 4 because defendant raises no contentions with respect thereto (*see generally People v Minemier* [appeal No. 1], ___ AD3d ___, ___ [Jan. 2, 2015]). We reject defendant's contention in appeal No. 2 that the court erred in directing that the IID probation commence upon his release from prison. Penal Law § 60.21 provides that, when a person is to be sentenced for driving while intoxicated, "the court may sentence such person to a period of imprisonment authorized by article seventy of this title and shall sentence such person to a period of probation or

conditional discharge in accordance with the provisions of section 65.00 of this title and shall order the installation and maintenance of a functioning [IID]." The statute further provides that "[s]uch period of probation or conditional discharge shall run consecutively to *any period of imprisonment* and shall commence immediately upon such person's release from imprisonment" (emphasis added). We interpret the phrase "any period of imprisonment" to mean any period of imprisonment imposed on any offense, and not, as defendant suggests, any period of imprisonment imposed for driving while intoxicated. Thus, we conclude that the court properly directed that defendant's term of IID probation for driving while intoxicated run consecutively to the sentences imposed for the other counts.

We have reviewed defendant's remaining contentions in appeal No. 2 and conclude that they lack merit.

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court