Judgment, Supreme Court, New York County (James M. Burke, J.), rendered July 15, 2015, convicting defendant, after a jury trial, of bail jumping in the second degree, and sentencing her, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
 

 The court’s Sandoval ruling was a proper exercise of discretion, which “weighed appropriate concerns and limited both the number of convictions and the scope of permissible cross-examination” (People v Hayes, 97 NY2d 203, 208 [2002]). The court permitted the prosecutor to cross-examine defendant about only one 2012 misdemeanor conviction and one 2004 felony conviction, limiting such cross-examination to the names of the offenses and the dates of conviction, and precluded any questioning about defendant’s several other convictions. The court properly permitted the prosecutor to elicit defendant’s use of five aliases and six false dates of birth. This deceitful conduct was highly probative of defendant’s credibility notwithstanding its remoteness in time and defendant’s age when this conduct occurred (see People v Walker, 83 NY2d 455, 459 [1994]).
 

 Defendant failed to preserve her constitutional challenge to the Sandoval ruling, her argument that the People should not have been permitted to elicit that defendant was convicted of first-degree identity theft because she absconded while a charge of the same offense was pending against her in this bail jumping case, and her contention that the prosecutor compounded the prejudicial effect of the Sandoval ruling on cross-examination and summation. We decline to review these arguments in the interest of justice. As an alternative holding, we find them unavailing.
 

 We also find that any error concerning the Sandoval ruling was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 237-238 [1975]).
 

 We perceive no basis for reducing the sentence.
 

 Concur— Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.