People v Jones (2018 NY Slip Op 08545)





People v Jones


2018 NY Slip Op 08545


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7864 2086/10

[*1]The People of the State of New York, Respondent,
v
Allen Jones, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered May 15, 2014, convicting defendant, after a jury trial, of manslaughter in the first degree and gang assault in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). By itself, a surveillance videotape depicting defendant's continuing aggressive conduct toward the victim was enough to warrant the conclusion that defendant shared his companions' intent to at least cause the victim serious physical injury (see Penal Law § 20.00). The jury's mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]; see also People v Horne, 97 NY2d 404, 413 [2002]; People v Hemmings, 2 NY3d 1, 5 n [2004]).
Defendant's arguments concerning a witness who invoked his Fifth Amendment privilege as to certain matters on cross-examination are similar to arguments this Court rejected on a codefendant's appeal (People v Thompson, 153 AD3d 433 [1st Dept 2017], lv denied 30 NY3d 984 [2017]), and we find no basis to reach a different result. Although the witness's testimony was more damaging to defendant than to the codefendant, the excluded matters were still collateral, and defendant still had a full opportunity to impeach the witness and cross-examine him on all matters related to the shooting. Accordingly, there was no violation of defendant's right of confrontation.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK