People v Jones (2019 NY Slip Op 04053)





People v Jones


2019 NY Slip Op 04053


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109239

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NASJUAN JONES, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Terrence M. Kelly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Milano, J.), rendered March 9, 2017 in Schenectady County, which, among other things, directed entry of a second amended uniform sentence and commitment order.
The underlying facts in this case are set forth in more detail in this Court's prior decision (146 AD3d 1078 [2017], lv denied 29 NY3d 999 [2019]). Briefly stated, and as is relevant to this appeal, defendant pleaded guilty to assault in the first degree and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced to a prison term of 15 years to run concurrently with a sentence simultaneously imposed on another conviction. After the Department of Corrections and Community Supervision advised Supreme Court that a period of postrelease supervision was required in connection with the first degree assault conviction, the court resentenced defendant on that conviction to a prison term of 15 years, followed by 3½ years of postrelease supervision. The amended uniform sentence and commitment order, however, erroneously indicated that defendant was subject only to three years of postrelease supervision.
On appeal to this Court from that resentencing, this Court affirmed the judgment, but remitted the matter for correction of the uniform sentence and commitment order. Upon remittal, Supreme Court directed entry of a second amended uniform sentence and commitment order that properly reflected the imposed 3½ years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that the plea must be vacated because Supreme Court failed to consider whether to grant defendant youthful offender status in connection with [*2]his conviction of assault in the first degree [FN1]. Defendant's contention is not properly before this Court. On the initial appeal of this matter, this Court affirmed the judgment with respect to defendant's conviction of assault in the first degree and simply remitted the matter for correction of the uniform sentence and commitment order. This in no way amounted to a resentencing with respect to the conviction of assault in the first degree and did not afford defendant an additional opportunity to appeal (see CPL 450.30, 460.10). Simply put, appellate review of defendant's challenge to his status as a youthful offender in connection with his conviction of assault in the first degree "was waived by [his] failure to raise [such] issue on his initial appeal" (People v Leacock, 237 AD2d 306, 306 [1997], lv denied 89 NY2d 1096 [1997]; see People v Harrington, 14 AD3d 944, 945 [2005], lv denied 4 NY3d 887 [2005]; People v Winslow, 36 AD2d 997, 998 [1971]).
Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed.



Footnotes

Footnote 1: The other crime to which defendant pleaded guilty was committed after defendant was 19 years old and, therefore, youthful offender consideration was inapplicable.