People v White (2019 NY Slip Op 05298)





People v White


2019 NY Slip Op 05298


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.


742 KA 17-01789

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAHEEM WHITE, ALSO KNOWN AS TYREE JOHNSON, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered July 18, 2017. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). In appeal No. 2, he appeals from a judgment that, upon his admission that he violated the terms and conditions of probation, revoked the sentence of probation previously imposed upon his conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and sentenced him to a term of imprisonment. We note at the outset that we dismiss the appeal from the judgment in appeal No. 1 because defendant raises no contentions with respect thereto (see People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]).
With respect to appeal No. 2, even assuming, arguendo, that defendant's waiver of the right to appeal during the underlying plea proceeding was valid, we conclude that the waiver does not encompass his challenge to the severity of the sentence imposed following his violation of probation (see People v Giuliano, 151 AD3d 1958, 1959 [4th Dept 2017], lv denied 30 NY3d 949 [2017]; People v Tedesco, 143 AD3d 1279, 1279 [4th Dept 2016], lv denied 28 NY3d 1075 [2016]). Moreover, defendant's purported waiver of the right to appeal at the proceeding in which he admitted that he violated the terms of his probation is invalid inasmuch as County Court "failed to engage him in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Maloney, 140 AD3d 1782, 1783 [4th Dept 2016] [internal quotation marks omitted]; see People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). We further conclude, however, that the sentence imposed upon defendant's violation of probation is not unduly harsh or severe.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court