People v Williams (2020 NY Slip Op 05159)





People v Williams


2020 NY Slip Op 05159


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Ind No. 3511/16, 100/17 Appeal No. 11889 Case No. 2018-2583 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]The People of the State of New York, Respondent,
v
Robert Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered October 11, 2017, convicting defendant, after a jury trial, of burglary in the second degree, robbery in the third degree, and seven counts of criminal contempt in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 14 to 16 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences run concurrently with each other, resulting in a new aggregate term of 12 years, and otherwise affirmed.
We reject defendant's claim that his burglary and robbery convictions and certain of his contempt convictions were against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, and the jury's mixed verdict does not warrant a different conclusion. Although in performing weight of the evidence review, we may consider an alleged factual inconsistency in a verdict (see People v Rayam, 94 NY2d 557, 563 n [2000]), we nevertheless find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]). The jury could reasonably have inferred that defendant entered the victim's building with the intent to commit a crime therein based on his history of admitted, knowing violations of an order of protection. It could also reasonably have found that defendant made physical contact with the victim with the intent to harass, annoy, threaten, or alarm her and forcibly stole her glasses.
The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]). The court only permitted a limited inquiry into defendant's extensive criminal record and use of aliases. Defendant's deceitful conduct was "highly probative of [his] credibility notwithstanding its remoteness in time" (People v Best, 154 AD3d 598, 599 [1st Dept 2017], lv denied 30 NY3d 1103 [2018]), especially given his intervening incarceration (see People v Williams, 186 AD2d 469, 469 [1st Dept 1992], lv denied 81 NY2d 849 [1993]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance
under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020