People v Jonathan (2021 NY Slip Op 01610)





People v Jonathan


2021 NY Slip Op 01610


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


255 KA 20-00589

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RA JONATHAN, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered December 14, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of strangulation in the second degree (Penal Law § 121.12). In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of strangulation in the second degree
(§ 121.12) and imposing a determinate term of imprisonment, followed by a period of postrelease supervision. We note at the outset that we dismiss the appeal from the judgment in appeal No. 1 because defendant raises no contentions with respect thereto (see People v White, 173 AD3d 1852, 1852 [4th Dept 2019]; People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]).
Contrary to defendant's initial contention, the Court of Appeals has rejected the assertion that waivers of the right to appeal should be invalid per se (see People v Thomas, 34 NY3d 545, 557-558, 558 n 1 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 8-9 [1989]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentence is not
unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court