People v Gordon (2022 NY Slip Op 00055)





People v Gordon


2022 NY Slip Op 00055


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Webber, J.P., Friedman, Oing, Moulton, Kennedy, JJ. 


Ind No. 0658/17 Appeal No. 14961 Case No. 2019-2088 

[*1]The People of the State of New York, Respondent,
v
Jermaine Gordon, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered November 29, 2018, convicting defendant, after a jury trial, of two counts of endangering the welfare of a child, and sentencing him to consecutive terms of one year, unanimously modified, on the law, to the extent of vacating the order of protection issued for the benefit of T.W., and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, and we find that defendant's acquittals of other charges do not warrant a different result. Although in performing weight of evidence review, we may consider the jury's verdict on other counts (see People v Rayam, 94 NY2d 557, 563 n [2000]), "[w]here a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]). In any event, aside from leniency considerations, the jury could have found that the victims' testimony supported the child endangerment counts but did not establish conduct rising to the level required for conviction of the other charges (see People v Irizarri, 82 AD3d 650 [1st Dept 2011]).
Defendant's arguments regarding a search warrant are moot, because no evidence recovered through the execution of the warrant was received at trial. The record fails to support defendant's suggestion that a photograph in evidence may have been obtained as a result of the warrant.
However, the court was without authority to issue an order of protection in T. W.'s favor because he was neither a victim of, nor a witness to, the crimes of which defendant was convicted (see CPL 530.13[4]). T.W. did not testify at the trial, and all the charges for which he had been the complainant were dismissed. Consequently, we vacate the portion of the order of protection that concerns T.W. issued at the time of sentencing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022