People v Erigolles (2022 NY Slip Op 02073)





People v Erigolles


2022 NY Slip Op 02073


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Ind No. 1605/17 Appeal No. 15566 Case No. 2019-03597 

[*1]The People of the State of New York, Respondent,
v
Huver Erigolles, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Miriam Best, J.), rendered May 16, 2019, convicting defendant, after a jury trial, of endangering the welfare of a child and criminal contempt in the second degree, and sentencing him to an aggregate term of one year, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The victim sufficiently described conduct committed by defendant that constituted endangering the welfare of a child. There is no basis for disturbing the jury's credibility determinations, and the mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). A conviction of child endangerment is not necessarily undermined by a defendant's acquittals of underlying or related conduct
(see People v Gordon, 201 AD3d 443 [1st Dept 2022]; People v Irizarri, 82 AD3d 650 [1st Dept 2011]).
The court providently exercised its discretion in denying defendant's mistrial motion, based on testimony regarding defendant's prior violent acts that went beyond the scope of the court's ruling under People v Molineux (168 NY 264 [1901]). The court's curative actions, and its limiting instructions on uncharged crimes, were sufficient to prevent any prejudice. Defendant did not preserve his challenges to the sufficiency and timing of the court's instructions, or to the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022