People v Montreal (2023 NY Slip Op 00580)

People v Montreal

2023 NY Slip Op 00580

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

934 KA 20-01443

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER MONTREAL, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

LELAND D. MCCORMAC, III, PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered July 17, 2020. The judgment convicted defendant upon a plea of guilty of burglary in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the third degree (Penal Law § 140.20), while in appeal No. 1 he purports to appeal from a judgment convicting him upon his plea of guilty of bail jumping in the second degree (§ 215.56). We note at the outset that the appeal from the judgment in appeal No. 1 must be dismissed because defendant raises no contentions with respect thereto (see People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]). With respect to appeal No. 2, defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court