People v Arroyo (2025 NY Slip Op 50325(U))

[*1]

People v Arroyo (Andres)

2025 NY Slip Op 50325(U) [85 Misc 3d 132(A)]

Decided on March 14, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 14, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570230/18

The People of the State of New
York, Respondent,

against

Andres Arroyo,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Patsy Gouldborne, J.), rendered June 30, 2017, after a nonjury trial,
convicting him of exposure of a person, and imposing sentence.

Per Curiam.

Judgment of conviction (Patsy Gouldborne, J.), rendered June 30, 2017,
affirmed.

The verdict convicting defendant of exposure of a person (see Penal Law
§ 245.01) was based on legally sufficient evidence and was not against the weight
of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). We find
no basis to disturb the court's credibility determinations. The arresting officer's testimony
that, from a distance of 10 feet, he observed defendant standing on a sidewalk and
holding his exposed penis in his hand, is not manifestly untrue or physically impossible
as a matter of law (see People v Franceschi, 215 AD2d 330 [1995], lv denied
86 NY2d 794 [1995]). On issues of pure credibility, we must accord deference to the
factfinder because "[t]he memory, motive, mental capacity, accuracy of observation and
statement, truthfulness and other tests of the reliability of witnesses can be passed upon
with greater safety by those who see and hear than by those who simply read the printed
narrative" (People v Romero, 7 NY3d 633, 645 [2006][internal quotation marks
and citation omitted]).

Defendant's acquittal of the public lewdness charge does not warrant a different
result. Although in performing weight of evidence review, we may consider the fact
finder's verdict on other counts (see People v Rayam, 94 NY2d 557, 563 n
[2000]), where a "verdict is not repugnant, it is imprudent to speculate concerning the
factual determinations that underlay the verdict because what might appear to be an
irrational verdict may actually constitute a [the fact finder's] permissible exercise of
mercy or leniency" (People v Horne, 97 NY2d 404, 413 [2002]; see also
People v Hemmings, 2 NY3d 1, 5 n [2004]). In any event, aside from leniency
considerations, the court could have found that the officer's testimony supported the
exposure of a person count but did not establish conduct rising to the level required for a
public lewdness [*2]conviction (see People v Gordon, 201
AD3d 443, 444 [2022], lv denied 38 NY3d 950 [2022]; People v
Irizarri, 82 AD3d 650 [2011]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: March 14, 2025