People v Zhen Peng Chen (2025 NY Slip Op 50471(U))

[*1]

People v Zhen Peng Chen

2025 NY Slip Op 50471(U)

Decided on April 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570885/18

The People of the State of New York, Respondent,
against
Zhen Peng Chen, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered August 24, 2018, after a nonjury trial, convicting him of attempted assault in the third degree, harassment in the second degree, and attempted criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered August 24, 2018, affirmed. 
"Viewing the evidence in the light most favorable to the People" (People v Malizia, 62 NY2d 755, 757 [1984], cert denied 469 US 932 [1984]), defendant's guilt was established beyond a reasonable doubt. Nor was the verdict against the weight of the evidence. The victim's testimony that while repairing a leak in defendant's apartment, defendant threw a sharpening stone and swung a knife at him, is not manifestly untrue or physically impossible as a matter of law (see People v Franceschi, 215 AD2d 330 [1995], lv denied 86 NY2d 794 [1995]). On issues of pure credibility, we must accord deference to the factfinder because "[t]he memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by those who see and hear than by those who simply read the printed narrative" (People v Romero, 7 NY3d 633, 645 [2006][internal quotation marks and citation omitted]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 11, 2025