OPINION OF THE COURT
 

 Graffeo, J.
 

 Defendant was convicted after a jury trial of three counts of offering a false instrument for filing in the first degree aris
 
 *409
 
 ing from her failure to include accurate income information on social services benefit recertification forms she submitted to the Monroe County Department of Social Services. On appeal, she challenges the legality of the restitution order issued as part of her sentence. Because the sentencing court did not err in directing defendant to repay the benefit overpayments she received as a result of filing the false documents, we affirm.
 

 Defendant was charged in a six-count indictment with grand larceny in the third degree, welfare fraud, misuse of food stamps with a value in excess of $1,000 and three counts of offering a false instrument for filing in the first degree. All of the charges related to defendant’s alleged receipt of benefit overpayments between July 1995 and January 1997. The People offered evidence at trial that defendant failed to report income she earned from four separate employers on DSS forms and, as a result, obtained more than $16,000 of benefits to which she was not entitled.
 

 The jury returned a verdict convicting defendant of the three counts of offering a false instrument for filing but acquitting her of the three remaining counts of the indictment — grand larceny, welfare fraud and misuse of food stamps. The court provided defendant an opportunity to poll the jury, but she declined. Out of the presence of the jury, defendant moved to set aside the verdict as repugnant, arguing that the jury’s determination that she offered false instruments for filing could not be reconciled with her acquittal of the remaining offenses. The jury returned to the courtroom and the court announced, in defendant’s presence, that proceedings would resume the next morning because there were “legal problems” which needed to be resolved in the interim. Defendant, who had received
 
 Parker
 
 warnings (see
 
 People v Parker,
 
 57 NY2d 136 [1982]) prior to trial, did not appear when court reconvened the following day. Defendant’s attorney was present but did not offer an explanation for defendant’s absence, nor did anyone present comment on her failure to appear. During the brief proceeding, the court declined to set aside the verdict and discharged the jury.
 

 Defendant appeared for sentencing a few weeks later with her attorney. Defense counsel renewed the motion to set aside the verdict as repugnant, which the court again denied. Based on her conviction of three class E felonies, defendant faced a maximum term of imprisonment of lVs to 4 years for each count of offering a false instrument for filing (see Penal Law
 
 *410
 
 § 70.00 [2] [e]; [3] [b]). In a victim impact statement submitted with the presentence investigation report, DSS requested restitution in the amount of $18,575.13, representing the benefit overpayments defendant received. In addition to an order of restitution, the People sought a sentence of one year in jail or six months home confinement with five years probation. Defense counsel countered that defendant should instead receive a three-year conditional discharge and asserted that restitution was not warranted because defendant had been acquitted of the three “theft offenses.” The court sentenced defendant to five years probation and restitution in the amount of $18,575.13, plus a 5% surcharge pursuant to Penal Law § 60.27.
 
 [1]
 
 Defendant did not request a hearing or otherwise object to the amount of the restitution order.
 

 The Appellate Division affirmed defendant’s conviction but modified the sentence by reducing the amount of restitution to $16,942.25 based on the evidence adduced at trial concerning the benefit overpayments. A Judge of this Court granted defendant leave to appeal and we now affirm.
 

 Defendant’s primary argument is that the restitution order was illegal under the circumstances of this case. Since 1910, New York courts have been authorized by statute to order restitution as a condition of probation or conditional discharge
 
 (see People v Hall-Wilson,
 
 69 NY2d 154 [1987]; Penal Law § 65.10 [2] [g]). There was no specific authority for the imposition of restitution as a separate sentencing option, however, until 1980 when the Legislature enacted Penal Law § 60.27
 
 (see
 
 L 1980, ch 290). This legislation empowered a sentencing court to order restitution in conjunction with any other penalty available in Penal Law article 60, including incarceration or a fine.
 

 Penal Law § 60.27 (1) addresses the related concepts of restitution and reparation, allowing a court to order a defendant to “make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby.” Where an order of restitution or reparation is requested, the sentencing court must determine whether it is warranted and, if so, the proper amount of the award. A hearing must be held if defendant so requests or the court requires additional information related to restitution assessment
 
 (see People v Kim,
 
 91 NY2d 407 [1998]). When factual issues concerning a victim’s
 
 *411
 
 restitution, are disputed, the People bear the burden of proving, by a fair preponderance of the evidence, the facts in support of the restitution request to the satisfaction of the sentencing court
 
 (see People v Consalvo,
 
 89 NY2d 140, 145 [1996]).
 

 When Penal Law § 60.27 was first enacted, consideration of whether restitution should be ordered was entirely a discretionary determination in the hands of the sentencing court. The statute was amended in 1983 to mandate that, in every case where there is a request for restitution, the sentencing court must assess the propriety of such an order (L 1983, ch 397). The proponents of this legislation observed that, notwithstanding the enactment of Penal Law § 60.27, “[Restitution has been vastly under-utilized by courts throughout New York State, while increasingly other states are emphasizing restitution as an important alternative or complement to penalties such as jail terms” (Assembly Sponsor’s Mem, 1983 NY Legis Ann, at 172). The bill sponsors emphasized that restitution serves the dual, salutary purposes of easing the victim’s financial burden while reinforcing the offender’s sense of responsibility for the offense and providing a constructive opportunity for the offender to pay his or her debt to society
 
 (see id.).
 
 This Court has expressed similar sentiments, stating that “restitution is recognized as an effective rehabilitative penalty because it forces defendants to confront concretely — and take responsibility for — the harm they have inflicted, and it appears to offer a greater potential for deterrence”
 
 (Hall-Wilson,
 
 69 NY2d at 157 [citations omitted]).
 

 The State’s policy of encouraging restitution was broadened in 1985 with the adoption of comprehensive legislation requiring that victim impact statements be included in presentence investigation reports prepared to assist the trial courts in sentence determinations (L 1985, ch 14). The legislation required prosecutors to provide copies of any victim impact statements to victims prior to sentencing to afford victims and their families an opportunity to correct any omissions or discrepancies
 
 (see
 
 CPL 390.50 [2] [b]). The Attorney General, who requested introduction of the bill, asserted that “victim access to impact statements will help ensure that the statements will convey the full impact which the crime had on the victim,” and expressed the hope that this would increase the number and size of restitution sentences (Mem of Dept of Law, Bill Jacket, L 1985, ch 14, at 13).
 

 In 1992, the Legislature took further action to strengthen the restitution statutory scheme by creating a presumption in
 
 *412
 
 favor of restitution
 
 (see
 
 L 1992, ch 618). Where restitution is requested, Penal Law § 60.27 now states that the sentencing court “shall” order restitution in addition to any other sentence imposed “unless the interests of justice dictate otherwise” (Penal Law § 60.27 [1]). If a court declines to issue such an order, its reasons for doing so must be articulated on the record (Penal Law § 60.27 [1]). The legislation also added an expansive definition of the term “victim”
 
 (see
 
 Penal Law § 60.27 [4] [b]) and directed that every victim be informed of the right to seek restitution before an offender is sentenced
 
 (see
 
 Executive Law § 641 [3] [d]; CPL 390.30). The most recent amendments of Penal Law § 60.27 clarified the breadth of the class of victims who may obtain restitution, adding specific references to public entities who incur expenses cleaning an arson site
 
 (see
 
 L 1996, ch 310, as adding Penal Law § 60.27 [10]) or responding to a false bomb scare (L 1999, ch 207, as adding Penal Law § 60.27 [11]).
 

 Against this backdrop of New York’s long-standing policy of promoting, encouraging and facilitating the use of restitution to reimburse victims for monetary and other losses caused by criminal conduct, we assess defendant’s claim that the sentencing court erred in directing restitution.
 

 In addition to any of the other dispositions authorized in Penal Law article 60, Penal Law § 60.27 (1) provides that “the court shall consider restitution or reparation to the victim of the crime and may require restitution or reparation as part of the sentence imposed upon a person convicted of an offense.” The term offense is defined in the statute to “include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense” (Penal Law § 60.27 [4] [a]). Because there is no statutory limitation on the types of criminal conduct that can support a sentence of restitution or reparation, restitution is a viable sentence for any crime provided there is a recognizable victim who has suffered “actual out of pocket loss” or there are discernible “fruits of [the] offense”
 
 (see
 
 Penal Law § 60.27 [1]).
 

 The offenses of which defendant was convicted — three counts of offering a false instrument for filing — fall within the statute’s broad definition of offense. And although defendant maintained that she lacked a criminal intent, she did not contest the proof adduced at trial that she failed to disclose the income she received from four employers on recertification
 
 *413
 
 forms filed during the benefit periods. In finding defendant guilty of three counts of offering a false instrument for filing in the first degree, the jury necessarily concluded that defendant offered written instruments containing false statements or information “with intent to defraud the state or any political subdivision”
 
 (see
 
 Penal Law § 175.35). When it ordered restitution, the sentencing court found that defendant had received overpayments as a result of the filing of false documents. The record therefore supports an order of restitution or reparation.
 

 Defendant conceded during oral argument that she received the benefit overpayments but nonetheless contends that, because all of the charges in the indictment arose from the same criminal conduct and she was acquitted of welfare fraud, misuse of food stamps and grand larceny, the jury must have concluded that she did not wrongfully obtain money from DSS and the trial court therefore erred in ordering restitution. We disagree. The fact that defendant was acquitted of some of the charges does not impugn the legality of the otherwise authorized sentence imposed for the three counts of which she was convicted. Nor does defendant’s acquittal of the so-called “theft offenses” lead to the conclusion that the jury found that DSS did-not suffer any out-of-pocket losses. “An acquittal of criminal charges is not equivalent to a finding of innocence”
 
 (Reed v State of New York,
 
 78 NY2d 1, 7 [1991]) but stands for the proposition that a jury was not convinced of defendant’s guilt beyond a reasonable doubt
 
 (see generally People ex rel. Matthews v New York State Div. of Parole,
 
 58 NY2d 196, 203 [1983]). Where a jury verdict is not repugnant,
 
 [2]
 
 it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury’s permissible exercise of mercy or leniency
 
 (see generally People v Rayam,
 
 94 NY2d 557 [2000]). We therefore decline to reverse the statutorily authorized restitution sentence on the basis of this type of unfounded speculation into the jury’s deliberative process. This Court need not address defendant’s related argument that the sentencing court erred in relying on the charges of which she was acquitted when imposing its restitution sentence because there is no indication in the record that the court considered facts exclusive to the acquitted offenses when it directed restitution.
 

 
 *414
 
 Defendant also takes issue with the fact that the restitution order exceeds $15,000, maintaining this violates the statutory “cap” in Penal Law § 60.27 (5).
 
 [3]
 
 Penal Law § 60.27 (5) (a) provides that, except with the consent of defendant or in instances where restitution is ordered as a condition of probation or conditional discharge,
 
 [4]
 
 “the amount of restitution or reparation required by the court shall not exceed fifteen thousand dollars in the case of a conviction for a felony.” This provision is, however, qualified by Penal Law § 60.27 (5) (b) which allows a court to order restitution in excess of this amount as long as the sum is “limited to the return of the victim’s property, including money, or the equivalent value thereof.” Here, defendant was convicted of three felony offenses covering three distinct benefit periods and the amount of restitution attributable to each offense could be allocated separately, bringing the amount ordered for each offense well under $15,000. Even if defendant had been convicted of only one offense, the amount in excess of $15,000 would meet the dictates of Penal Law § 60.27 (5) because the entire amount of defendant’s restitution order was intended to reimburse DSS for the equivalent value of benefit overpayments she received.
 

 We are also unpersuaded by defendant’s argument that because the restitution order was predicated on factual determinations made by the sentencing court, reversal of her sentence is warranted based on the United States Supreme Court’s decision in
 
 Apprendi v New Jersey
 
 (530 US 466 [2000]).
 
 Apprendi
 
 involved a New Jersey hate crime statute which permitted a sentencing court to impose an enhanced sentence of incarceration if it found defendant’s crime was motivated by bias — thereby vesting this factual determination, which increased the maximum authorized prison sentence, exclusively in the hands of the sentencing court. The issue presented was
 
 *415
 
 “whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt”
 
 (Apprendi
 
 at 469).
 

 Although New Jersey characterized the sentencing court’s bias finding as a “sentencing factor,” the Supreme Court concluded the determination was akin to adding an uncharged element to a defendant’s offense because it did not merely affect where defendant’s sentence would fall within the range of penalties authorized by the jury verdict but actually altered that range by increasing the permissible maximum sentence. The Court thus invalidated the statute and held that, with the exception of the fact that a defendant has a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum sentence must be submitted to the jury and proved beyond a reasonable doubt.
 

 Federal appellate courts that have addressed
 
 Apprendi
 
 challenges in the restitution context have universally held the
 
 Apprendi
 
 rule inapplicable to restitution orders. Because the federal restitution statute permits a sentence of restitution for any offense “in the full amount of each victim’s losses as determined by the court” (18 USC § 3664 [f] [1] [A]), the sentencing court’s factual determinations neither expand nor exceed the maximum restitution sentence authorized for any offense
 
 (see United States v Ross,
 
 279 F3d 600 [8th Cir 2002];
 
 United States v Syme,
 
 276 F3d 131 [3d Cir 2002];
 
 United States v Bearden,
 
 274 F3d 1031 [6th Cir 2001];
 
 see generally United States v Behrman,
 
 235 F3d 1049, 1054 [7th Cir 2000]).
 

 We reach the same conclusion with respect to New York’s restitution scheme. Restitution falls within the range of sentences available for any offense in New York; it is not a post-conviction sentencing enhancement mechanism analogous to the New Jersey statute addressed in
 
 Apprendi.
 
 And while Penal Law § 60.27 limits the types of expenses reimbursable in restitution orders exceeding $15,000 for a felony or $10,000 for a misdemeanor, the statute does not restrict the maximum amount of restitution that can be awarded. We conclude therefore that a sentencing court is not increasing the maximum sentence available when it makes factual determinations affecting restitution but is merely issuing a sentence within the authorized statutory range. Because the restitution order under review does nothing more than compensate DSS for losses sustained as a result of defendant’s criminal conduct, it does not violate the
 
 Apprendi
 
 principle.
 

 
 *416
 
 We also reject defendant’s contention that her conviction must be reversed due to her absence from the courtroom when the court denied her motion to set aside the verdict and discharged the jury the day after the verdict was announced. None of the cases on which defendant relies involved analogous proceedings and this Court has consistently held that “a defendant’s presence is not required where the proceeding at issue involves only questions of law or procedure”
 
 (People v Rodriguez,
 
 85 NY2d 586, 591 [1995]), which was the case here.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 [1]
 

 . This restitution directive was also incorporated as a condition of defendant’s sentence of probation under Penal Law § 65.10 (2) (g).
 

 [2]
 

 . Supreme Court rejected defendant’s argument that the verdict was repugnant and defendant has not challenged this ruling on appeal.
 

 [3]
 

 . To the extent defendant challenges the amount of the restitution order as lacking record support, her claim is not properly before this Court for review because she did not request a hearing to determine the sum of benefit overpayments or otherwise challenge the amount of the restitution order during the sentencing proceeding
 
 (see People v
 
 Callahan, 80 NY2d 273, 281 [1992]).
 

 [4]
 

 . Penal Law § 65.10 (2) (g), which governs restitution or reparation ordered as a condition of probation or conditional discharge, contains no monetary limits on the amount of restitution or reparation which may be ordered.
 
 As
 
 defendant was also directed to make restitution as a condition of probation, her obligation to reimburse DSS would be unaffected even if we were to credit her argument that the separate restitution order could not exceed $15,000.