■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ARROYO, Appellant. [833 NYS2d 18]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered September 22, 2003, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We have considered defendant's acquittals of assault in the first degree and criminal possession of a weapon in the third degree, and find that they do not undermine either the sufficiency or weight of the evidence supporting the conviction of assault in the second degree (*see People v Rayam*, 94 NY2d 557 [2000]). While the acquitted crimes (Penal Law § 120.10 [1]; § 265.02 [1]) require the use of a weapon or dangerous instrument, defendant was convicted of a type of assault with no such element (Penal Law § 120.05 [1]); thus, the acquittals did not negate any element of the crime of which he was convicted. "Where a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determina-

tions that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency." (*People v Horne*, 97 NY2d 404, 413 [2002].)

To the extent that the prosecutor's remarks in summation concerning a witness called by the defense may have strayed from the evidence, such comments were inconsequential and the prosecutor neither made herself an unsworn witness nor deprived defendant of a fair trial. Defendant's remaining challenges to the prosecutor's summation are unpreserved (*see e.g. People v Tonge*, 93 NY2d 838 [1999]), and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

The court properly denied defendant's request for missing witness charges as to two uncalled witnesses (*see generally People v Gonzalez*, 68 NY2d 424 [1986]). With regard to a person described as a close friend of the victim, the record fails to establish that he was in a position to provide material testimony. With respect to the other person, who was described as a neighborhood acquaintance of the victim, the record does not establish the type of relationship warranting an expectation that the witness would testify favorably to the People. Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.