■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRYSTAL L. AYERS, Appellant. [845 NYS2d 646]—

Appeal from an amended sentence of the Ontario County Court (Frederick G. Reed, J.), rendered February 15, 2006. The amended sentence ordered defendant to pay restitution in the amount of $90,939 following her conviction, upon her plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the amended sentence so appealed from be and the same hereby is unanimously modified on the law by providing that the amount of restitution to be paid by defendant is $89,995 and as modified the amended sentence is affirmed.

Memorandum: Defendant appeals from an amended sentence ordering her to pay restitution in the total amount of $90,939. Defendant's contention that County Court failed to honor the plea agreement with respect to the amount of restitution is unpreserved for our review (see CPL 470.05 [2]). At sentencing, the store owner informed the court that he sought restitution from defendant for the value of the lottery tickets stolen from his store. Defendant did not object to the calculation of restitution in that manner. Rather, defense counsel requested a restitution hearing because he had "some questions about that figure." In any event, defendant's contention is without merit because the record establishes that the court honored the plea agreement by sentencing defendant to six months in jail and five years of probation and by ordering her to pay restitution in an amount to be determined by the court following a hearing.

Contrary to defendant's further contention, the court employed the correct methodology in calculating the amount of restitution, and that methodology was not, as defendant contends, the amount of lottery winnings taken by her. Penal Law § 60.27 (1) permits a court to order a "defendant to make restitution of the fruits of his or her offense or reparation for

the actual out-of-pocket loss caused thereby." "According to this definition, 'restitution may be no greater than the sum necessary to compensate the victim for out-of-pocket losses' " (*People v Tzitzikalakis*, 25 AD3d 404, 408 [2006], *affd* 8 NY3d 217 [2007], quoting *People v Consalvo*, 89 NY2d 140, 144 [1996]). In view of the business relationship between the New York Lottery and its retailers, the victim of defendant's crime was the store owner from whom the lottery tickets were stolen, not the New York Lottery itself. We thus conclude that the methodology employed by the court to determine the victim's out-of-pocket loss was proper (*see generally People v Nicometo*, 309 AD2d 1172 [2003], *lv denied* 1 NY3d 631 [2004]; *People v Consalvo*, 303 AD2d 202 [2003], *lv denied* 100 NY2d 593 [2003]). The People established by the requisite preponderance of the evidence that the victim sustained an out-of-pocket loss of $78,725 as a result of the theft, equaling 94% of the retail value of the stolen lottery tickets, which was $83,750. The People also established that the victim must pay $3,089 in interest to the New York Lottery pursuant to his deferred payment plan, for total restitution of $81,814. The People thus established that the total amount payable by defendant in restitution is $89,995, based on the additional 10% probation collection surcharge, and we therefore modify the amended sentence accordingly.

There is also no merit to defendant's remaining contention that the court erred in ordering restitution over the statutory "cap" of $15,000 (*see* Penal Law § 60.27 [5] [a]). Penal Law § 60.27 (5) (b) provides that a court in its discretion may impose restitution or reparation in excess of $15,000 where the amount in excess represents "the return of the victim's property, including money, or the equivalent value thereof." Here, because the stolen lottery tickets were the property of the store owner, the amount ordered for restitution was intended to reimburse him for the return of his property or the equivalent value thereof and properly fell within the exception to the statutory "cap" (*see People v Horne*, 97 NY2d 404, 414 [2002]). Present—Scudder, P.J., Gorski, Centra, Lunn and Peradotto, JJ.