■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAITH DOVE, Appellant. [925 NYS2d 461]—

Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered May 21, 2007, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree and falsifying business records in the first degree, and sentencing her to an aggregate term of three days, with five years' probation, a $5,000 fine and restitution, unanimously affirmed.

We reject defendant's argument that her conviction of possession of stolen property was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. We also find that the jury's mixed verdict, which convicted defendant of possessing stolen property but acquitted her of third-degree grand larceny related to the same property, does not warrant a different result. Defendant argues that the verdicts were inconsistent because the evidence that she possessed stolen money was also evidence that she stole it, but "[w]here a jury verdict is not repugnant, it is imprudent to speculate concerning the factual determinations that underlay the verdict" (*People v Horne*, 97 NY2d 404, 413 [2002]; *see also People v Hemmings*, 2 NY3d 1, 5 n [2004]). The verdict was not inconsistent because, as charged by the court, acquittal on the crime of grand larceny was not conclusive as to a necessary element of the crime of

possession of stolen property (*see People v Tucker,* 55 NY2d 1, 7 [1981]). Moreover, the jury could have determined that defendant did not commit the crime of grand larceny because she did not intend to convert the money when she accepted it from the victim, but committed the crime of possession of stolen property because she later decided to keep the money for herself. The jury also could permissibly split its verdict as a compromise or act of leniency (*see People v Horne,* 97 NY2d at 413).

Defendant also challenges the legal sufficiency of the evidence supporting her conviction of first-degree falsifying business records. As part of a scheme to steal money from a customer, defendant, an insurance agent, forwarded a false document to her employer. The document purported to be a letter from the victim voiding a coverage agreement and a receipt for $9,000. The evidence clearly establishes that defendant made or caused a false entry to be made. Furthermore, the document was a business record within the meaning of Penal Law § 175.00 (2) because it purported to evidence or reflect "activity" by the insurer. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ. [**Prior Case History: 15 Misc 3d 1134(A), 2007 NY Slip Op 50976(U).**]