People v Paul (2018 NY Slip Op 02270)





People v Paul


2018 NY Slip Op 02270


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6155 1946/12

[*1]The People of the State of New York, Respondent,
v
Richard Paul, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Morrow of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered March 6, 2014, convicting defendant, after a jury trial, of grand larceny in the first degree and defrauding the government, and sentencing him to an aggregate term of 6 to 18 years, with $2,011,692.44 in restitution, unanimously affirmed.
The record establishes that defendant knowingly, intelligently, and voluntarily waived his right to conflict-free counsel (People v Cortez, 22 NY3d 1061, 1064, cert denied Cortez v New York, __ US __, 135 S Ct 146 [2014]; People v Gomberg, 38 NY2d 307, 313—315 [1975]). The court appropriately "rel[ied] upon counsel's assurances that he had fully discussed the potentiality of conflict with his client[] and received [his] continued approbation" (id. at 314 [citations omitted]). In addition, the court was entitled to place "great weight" on counsel's representation that he did not perceive any conflict (People v Watson, 26 NY3d 620, 625 [2016]). The court then conducted an adequate inquiry of defendant, who confirmed that he understood what was said, that he was certain that he wanted to waive the conflict, and that he had no questions (see id.; Gomberg at 313).
Moreover, while defendant need not show "specific prejudice," he failed to meet his "heavy burden ... to show that a potential conflict actually operated on the defense" (People v Sanchez, 21 NY3d 216, 223 [2013] [internal quotation marks and citation omitted]; see People v Ennis, 11 NY3d 403 [2008], cert denied 556 US 1240 [2009]). This case involved defendant's thefts from his employer, the Kings County Public Administrator. Although defendant's counsel was involved in ongoing litigation stemming from his own misconduct at the same agency, counsel was terminated years before the conduct at issue in this case. Furthermore, counsel put on a zealous, albeit unsuccessful, defense by eliciting that others had access to defendant's username and password and thus could have produced the fraudulent checks in question. He also attacked the agency as having been grossly mismanaged, and cited prior corruption that occurred there.
Although the court properly admitted evidence of the free transfer of a condominium from a codefendant to defendant, as it was probative of their common scheme or plan and other matters, the court should have excluded defendant's misrepresentation in one document that the codefendant was his sister, as well as the initial erroneous classification of the property as commercial, and the resulting need for an audit. Nevertheless, the court's limiting instruction avoided any prejudice from admission of this additional evidence.
The court also properly admitted a one-minute video that depicted, among other things, a logo defendant used for his business, and depicted one of the accomplices wearing a shirt containing the same logo as one found on defendant's computer. The video was probative to the extent that it linked defendant to that accomplice during the relevant time period, and corroborated a prosecution witness's testimony that the accomplice knew defendant. Defendant failed to preserve his contention that, in order to redact allegedly inflammatory matters from the [*2]video, only a still frame from the video showing the accomplice should have been admitted, and we decline to review it in the interest of justice. As an alternative holding, we find that to the extent any failure to redact the video or introduce only a still image was error, it was harmless (People v Crimmins, 36 NY2d 230, 242 [1975]).
Defendant's challenge to the manner in which the amount of restitution was determined is unpreserved, and we decline to review it in the interest of justice. In any event, there was no need to conduct a restitution hearing, because defendant and his counsel consented to the restitution ordered (People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Suros, 209 AD2d 203 [1st Dept 1994], lv denied 85 NY2d 943 [1995], cert denied 516 US 862 [1995]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK