People v Grant (2020 NY Slip Op 03674)





People v Grant


2020 NY Slip Op 03674


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09163 ON MOTION
 (Ind. No. 1450/15)

[*1]The People of the State of New York, respondent,
v
Madi Grant, appellant. DECISION & ORDER Motion by the respondent for leave to reargue an appeal from a judgment of the Supreme Court, Nassau County, rendered August 11, 2017, which was determined by decision and order of this Court dated December 11, 2019. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is granted, and upon reargument, the decision and order of this Court dated December 11, 2019 (People v Grant, 178 AD3d 850), is recalled and vacated, and the following decision and order is substituted therefor: Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.

Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy, Kevin C. King, and Sarah S. Rabinowitz of counsel), for respondent.
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered August 11, 2017, convicting him of manslaughter in the second degree, vehicular manslaughter in the second degree, leaving the scene of an incident without reporting, operating a motor vehicle while under the influence of alcohol, operating a motor vehicle while ability impaired by a combined influence of drugs or of alcohol and any drug or drugs, aggravated unlicensed operation of a motor vehicle in the third degree, arson in the third degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence, including a direction that the defendant make restitution in the sum of $39,374.75
ORDERED that the judgment is modified, on the law, (1) by vacating the provision thereof directing the defendant to make restitution in the sum of $39,374.75 and substituting therefor a provision directing the defendant to make restitution to the Crime Victims Board for the family of Sherman Richardson in the sum of $15,000 and to Enterprise Rent-A-Car in the sum of $3,374.75, and (2) by vacating the provision thereof directing payment of the mandatory surcharge by civil judgment and substituting therefor a provision directing payment of the mandatory surcharge pursuant to Penal Law § 60.35(5); as so modified, the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v [*2]Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant's contention that his historical cell site location information should have been suppressed because it was purportedly obtained in violation of his Fourth Amendment rights under Carpenter v United States (______ US______, 138 S Ct 2206) is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court order authorizing the acquisition of the records made an express finding of probable cause, which was supported by the People's evidentiary showing (see People v Freitag, 148 AD2d 544, 545). Accordingly, the order " was effectively a warrant' which complied with the requirement of Carpenter" (People v Clark, 171 AD3d 942, 943, quoting People v Sorrentino, 93 AD3d 450, 451; see People v Cutts, 62 Misc 3d 411, 415 [Sup Ct, NY County]).
However, the amount of restitution payable to the Crime Victims Board for the family of Sherman Richardson improperly exceeds $15,000 and violates the statutory cap in Penal Law § 60.27(5)(a). Penal Law § 60.27(5)(a) provides that, except with the consent of the defendant or in instances where restitution is ordered as a condition of probation or conditional discharge, "the amount of restitution or reparation required by the court shall not exceed fifteen thousand dollars in the case of a conviction for a felony" (see People v Horne, 97 NY2d 404, 414). This provision is qualified by Penal Law § 60.27(5)(b), which allows a court to order restitution in excess of this amount as long as the sum is "limited to the return of the victim's property, including money, or the equivalent value thereof" (see People v Horne, 97 NY2d at 414). As for the restitution payable to the Crime Victims Board for Richardson's family, the amount in excess of $15,000 did not meet the requirements of Penal Law § 60.27(5), since the amount of the defendant's restitution set by the Supreme Court was not intended as reimbursement for the value of the property destroyed. However, restitution in the sum of $3,374.75 to Enterprise Rent-A-Car, the owner of the vehicle operated by the defendant and later set on fire, was proper (see People v Horne, 97 NY2d at 414; People v Hall-Wilson, 69 NY2d 154).
In addition, the Supreme Court, at sentencing, should not have directed payment of the mandatory surcharge by civil judgment (see Penal Law § 60.35[5]; People v Jones, 26 NY3d 730, 732).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court