People v Witherow (2022 NY Slip Op 01691)





People v Witherow


2022 NY Slip Op 01691


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


942 KA 19-00167

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID J. WITHEROW, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Michael M. Mohun, A.J.), rendered March 30, 2018. The judgment convicted defendant, upon a plea of guilty, of assault in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [3]) and assault in the second degree
(§ 120.05 [6]), arising from an incident in which he attacked his wife and a second victim. In appeal No. 2, defendant appeals from an order directing him to pay restitution and reparation to the second victim.
Contrary to defendant's contention with respect to both appeals, the plea colloquy establishes that he knowingly, voluntarily, and intelligently waived the right to appeal (see People v Mess, 186 AD3d 1069, 1069 [4th Dept 2020]; see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Moreover, "the lack of a written waiver 'is of no moment where, as here, the oral waiver was adequate' " (People v Thomas, 178 AD3d 1461, 1461 [4th Dept 2019], lv denied 35 NY3d 945 [2020]). Defendant's valid waiver of the right to appeal precludes our review of his challenge in appeal No. 1 to the severity of the incarceration component of his sentence (see People v Lopez, 6 NY3d 248, 255 [2006]).
Defendant contends in appeal No. 2 that County Court erred by ordering an amount of restitution or reparation in excess of the statutory cap for the second victim's past lost earnings because that form of loss does not fall within the exception to the statutory cap pursuant to Penal Law § 60.27 (5) (b). Initially, even assuming, arguendo, that defendant's contention is not a challenge to the legality of the sentence (see People v Graves, 163 AD3d 16, 24 [4th Dept 2018], lv denied 35 NY3d 970 [2020]), we nevertheless conclude that review of defendant's contention is not foreclosed by his waiver of the right to appeal because the amount of restitution and reparation, including any amount in excess of the statutory cap, was not included in the terms of the plea agreement (see People v Fontaine, 144 AD3d 1658, 1659 [4th Dept 2016], lv denied 29 NY3d 997 [2017]; cf. People v Brown, 37 NY3d 940, 941 [2021 plurality]; see also People v Parker, 196 AD3d 970, 971 [3d Dept 2021]; People v Isaacs, 71 AD3d 1161, 1161 [2d Dept 2010]).
On the merits, we agree with defendant, and we therefore modify the order accordingly. " 'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof' " (People v Golo, 26 NY3d 358, 361 [2015]; see People v Pabon, 28 NY3d 147, 152 [2016]). "[W]hen the statutory language is clear and unambiguous, it should be construed so as to give [*2]effect to the plain meaning of the words used" (People v Jones, 26 NY3d 730, 733 [2016] [internal quotation marks omitted]; see Pabon, 28 NY3d at 152). With respect to the statutory language at issue in this case, "Penal Law § 60.27 (1) addresses the related concepts of restitution and reparation, allowing a court to order a defendant to 'make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby' " (People v Horne, 97 NY2d 404, 410 [2002]). Penal Law § 60.27 (5) (a) provides, in relevant part, that "[e]xcept upon consent of the defendant or as provided in paragraph (b) of this subdivision, or as a condition of probation or conditional discharge as provided in [Penal Law § 65.10 (2) (g)], the amount of restitution or reparation required by the court shall not exceed [$15,000] in the case of a conviction for a felony" (see Horne, 97 NY2d at 414). In turn, Penal Law § 60.27 (5) (b) provides that "[t]he court in its discretion may impose restitution or reparation in excess of the [subject statutory cap] amount[] . . . , provided however that the amount in excess must be limited to the return of the victim's property, including money, or the equivalent value thereof; and reimbursement for medical expenses actually incurred by the victim prior to sentencing as a result of the offense committed by the defendant" (see Horne, 97 NY2d at 414).
Here, defendant does not dispute that the court properly imposed restitution and reparation, including past lost earnings, up to the statutory cap of $15,000 (see Penal Law § 60.27 [5] [a]; People v Denno, 56 AD3d 902, 903-904 [3d Dept 2008], lv denied 12 NY3d 757 [2009]), as well as $12,520.09 in excess of the statutory cap for the second victim's qualifying property loss and medical expenses (see § 60.27 [5] [b]; Horne, 97 NY2d at 414; People v Grant, 185 AD3d 608, 609-610 [2d Dept 2020], lv denied 35 NY3d 1045 [2020]; People v Ayers, 45 AD3d 1290, 1291 [4th Dept 2007], lv denied 10 NY3d 808 [2008]). Defendant correctly contends, however, that the court erred in imposing restitution and reparation in excess of the statutory cap for the second victim's past lost earnings because, under the plain meaning of the statute, that form of loss does not fall within the exception to the statutory cap pursuant to Penal Law § 60.27 (5) (b) (see Grant, 185 AD3d at 609). In particular, contrary to the court's determination, inasmuch as past lost earnings are wages, salary, or other income that the second victim could have, but did not, earn (see Black's Law Dictionary [11th ed 2019], lost earnings), the excess amount ordered as restitution and reparation for that loss does not constitute reimbursement for "the return of the [second] victim's property" or equivalent thereof (§ 60.27 [5] [b] [emphasis added]; cf. Horne, 97 NY2d at 414; Ayers, 45 AD3d at 1291; see generally Grant, 185 AD3d at 609).
We note that the legislative history largely supports this reading of the statute. "[A]lthough the strongest indication of the statute's meaning is in its plain language, the legislative history of an enactment may also be relevant and is not to be ignored, even if words be clear" (People v Badji, 36 NY3d 393, 399 [2021] [internal quotation marks omitted]). Here, the legislative history shows that, while the original proposal sought total repeal of the statutory cap, the language granting a court discretion to exceed the statutory cap, but simultaneously limiting the imposition of excess restitution and reparation to the named items, was added as a compromise necessary to obtain legislative approval (see Attorney General's Mem in Support, Bill Jacket, L 1983, ch 468 at 14). Consistent with its plain meaning as discussed above, the limiting language was understood at the time of enactment as permitting restitution and reparation in excess of the statutory cap as reimbursement for property taken or stolen from the victim, i.e., property once in the victim's possession, and for medical expenses actually incurred by the victim prior to sentencing as a result of the crime (see id. at 16; see also Budget Report on Bills, Bill Jacket, L 1983, ch 468 at 11; Executive Chamber Mem in Support, Bill Jacket, L 1983, ch 468 at 18).
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court