People v Miller (2023 NY Slip Op 05755)

People v Miller

2023 NY Slip Op 05755

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

111845
[*1]The People of the State of New York, Respondent,
v
Destiny Miller, Appellant.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald and Mackey, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Rensselaer County (Jennifer G. Sober, J.), rendered May 15, 2019, convicting defendant upon her plea of guilty of the crimes of attempted robbery in the first degree and attempted grand larceny in the fourth degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted robbery in the first degree, a felony, and attempted grand larceny in the fourth degree, a misdemeanor, admitting that she had attempted to forcibly steal property from a store while displaying a revolver. The crimes occurred days after defendant, then age 16, had been adjudicated a youthful offender and placed on five years of probation for another gun-related crime. Pursuant to the plea agreement, which required a waiver of appeal, defendant was provided with an opportunity to participate in an out-of-town residential treatment program and was promised that, among other things, if she were successful, the felony charge could be reduced to a misdemeanor, but if not, she would receive a prison sentence on the felony conviction of no more than 10 years, with the minimum permissible sentence of 3½ years. Defendant was released to and participated in the treatment program but, due to a serious medical issue, she was discharged until her health stabilized; during that time, County Court permitted her to live under house arrest with her mother subject to certain rules, including wearing an electronic ankle monitor, and warned her about the consequences of removing the monitor and not following the rules. Within days, defendant cut off her electronic monitor and absconded, failed to make her next court appearance and was arrested on a bench warrant. Defendant was thereafter sentenced, upon her guilty plea to attempted robbery in the first degree, to a prison term of nine years to be followed by five years of postrelease supervision, and to a concurrent 364-day sentence on the conviction of attempted grand larceny in the fourth degree. Defendant appeals.
We affirm. Initially, as defendant argues, the People concede and our review of the record confirms, defendant's waiver of appeal is invalid, given that the written waiver contained language that we have previously found to be overly broad and incorrect regarding the consequences of waiving the right to appeal (see People v Aponte, 190 AD3d 1031, 1032 [3d Dept 2021], lv denied 37 NY3d 953 [2021]; People v Lafond, 189 AD3d 1824, 1825 [3d Dept 2020], lv denied 36 NY3d 1121 [2021]). A review of the oral colloquy reflects that County Court did not adequately clarify that the waiver was not a total bar to an appeal and that some issues survive a waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Aponte, 190 AD3d at 1032; see also People v Shanks, 37 NY3d 244, 252 [2021]) or that the waiver of the right to appeal was "separate and distinct from th[e trial-related] rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006[*2]]). Considering the totality of the circumstances, we find that defendant did not knowingly, voluntarily and intelligently waive the right to appeal (see People v Bisono, 36 NY3d 1013, 1018 [2020]; People v Aponte, 190 AD3d at 1032).
Defendant's challenge to the voluntariness of her guilty plea, which survives even a valid appeal waiver, is unpreserved, as she did not at any point object to the terms of or conditions attached to her guilty plea or to her home arrest or make an appropriate postallocution motion on this basis, despite having ample time in which to do so (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]). The narrow exception to the preservation requirement was not triggered, as defendant did not make any statements — either during the plea allocution, at the appearance after she was discharged from her treatment program and placed on house arrest or at the time of sentencing — that negated an element of the charged crime, were inconsistent with her guilt or that otherwise called into question the voluntariness of her plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Rodriguez, 217 AD3d 1012, 1014 [3d Dept 2023]; see also People v Williams, 27 NY3d 212, 219-220 [2016]). In any event, County Court clearly explained the conditions of the plea agreement, including requiring that defendant successfully complete the treatment program, as well as that she could receive up to 10 years in prison as a consequence of noncompliance. After an initial misstatement, the court clarified that the minimum permissible prison sentence was 3½ years, and that it was agreeing to a cap of 10 years. More to the point, defendant was not penalized for being medically discharged from the program and was thereafter given another opportunity to stabilize her health under home arrest and enter another program. Contrary to her claims, the court clearly outlined the conditions of her home confinement, including not removing the ankle monitor or leaving the home for unsanctioned purposes; she raised no objections to those conditions and did not seek to withdraw her guilty plea based upon her changed circumstances or the additional conditions. Accordingly, were we to address these claims despite the lack of preservation, we would find that defendant's guilty plea was knowing, voluntary and intelligent (see People v Conceicao, 26 NY3d at 382-383; People v Pompey, 203 AD3d 1411, 1412-1413 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]).
To the extent that defendant challenges the sentence as illegal, the nine-year prison sentence imposed was authorized for attempted robbery in the first degree, a class C violent felony (see Penal Law §§ 70.02 [1] [a], [b]; [3] [b]; 160.15 [4])[FN1] and was under the 10-year cap to which County Court committed as part of the plea agreement. The 364-day sentence imposed for attempted grand larceny in the fourth degree was likewise authorized (see Penal [*3]Law § 70.15 [1]). As such, the sentence was not illegal. Given that defendant's appeal waiver is invalid, her further challenge to the sentence as harsh and excessive is not precluded (see People v Lopez, 6 NY3d at 255—256). In imposing a sentence, County Court took into consideration defendant's age, that she had been afforded multiple opportunities to receive sentencing leniency, avoid a felony conviction and receive treatment, and that she had had violated the conditions of probation imposed for a prior armed robbery by committing this similar violent crime and, later, had violated the conditions of her house arrest by cutting off her ankle monitor and absconding. As the People argued, this crime, an attempted robbery with a loaded revolver, was alarming and endangered the public, and was only thwarted by the intervention of another patron who subdued defendant until police arrived. The sentence, while lengthy, was less than the maximum (see Penal Law § 70.02 [3] [b]) and below the cap set by the court as part of the plea agreement. Under these circumstances, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) and decline defendant's invitation to reduce it in the interest of justice (see People v Colon, 208 AD3d 1551, 1553-1554 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]). Defendant's remaining claims similarly lack merit.
Garry, P.J., Pritzker, and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although the People and defense counsel misstated at sentencing that the minimum prison sentence was five years for attempted robbery in the first degree, the record does not reflect that County Court was under that misapprehension or influenced by it in imposing sentence.