People v Hough
2026 NY Slip Op 02999
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Dwayne Hough, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-04805, (Ind. No. 72272/22)
Colleen D. Duffy, J.P.
Betsy Barros
Barry E. Warhit
Lisa S. Ottley, JJ.

Steven A. Feldman, Manhasset, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Francine R. Michel of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgement of the County Court, Nassau County (Terence P. Murphy, J.), rendered May 15, 2024, convicting him of attempted criminal sale of a controlled substance in the third degree and assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the provision thereof directing payment of the mandatory surcharge, crime victim assistance fee, and DNA databank fee by civil judgment, and substituting therefor a provision directing payment of the mandatory surcharge, crime victim assistance fee, and DNA databank fee pursuant to Penal Law § 60.35(5); as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the period of postrelease supervision imposed as part of his sentence was not excessive (see People v Suitte, 90 AD2d 80).
However, the County Court, at sentencing, should not have directed payment of the mandatory surcharge, crime victim assistance fee, and DNA databank fee by civil judgment (see Penal Law § 60.35[5]; People v Jones, 26 NY3d 730, 732; People v Grant, 185 AD3d 608, 610). Although this issue is unpreserved for appellate review (see CPL 470.05[2]), we reach it in the exercise of our interest of justice jurisdiction (cf. People v Clemmons, 171 AD3d 1207).
DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court